**07 CV 1364**

JUDGE BAER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FEB 2 3 2007

U.S.D.C
CASHIERS

PAUL KUHNE, )
)
Plaintiff, )
)
v. ) No.
)
COHEN & SLAMOWITZ, LLP, and )
MIDLAND FUNDING NCC-2 CORP., )
) JURY DEMANDED
Defendants. )

## Complaint

Plaintiff Paul Kuhne files this Complaint against Defendants, Cohen & Slamowitz, LLP,

and Midland Funding NCC-2 Corp., for their violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C § 1692 *et seq*., and New York General Business Law § 349.

### *Parties*

1. Plaintiff Paul Kuhne resides within this district.

2. Plaintiff Kuhne resides within the City of New York, more particularly, within

New York County.

3. Paul Kuhne is a "consumer," as that term is defined by § 1692a(3) of the FDCPA,

in that the alleged debt the Defendants sought to collect from him is a consumer debt,

purportedly owed to Midland Funding NCC-2 Corp., as alleged assignee of

"Citibank/Associates."

4. Defendant Cohen & Slamowitz, LLP, has offices located at 199 Crossways Park

Drive, Woodbury, New York 11797.

5.     Defendant Midland Funding NCC-2 Corp. has offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

6.     Defendant Midland Funding NCC-2 Corp. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers, which it purchases after these debts have gone into default.

7.     Defendant Midland Funding NCC-2 Corp. is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

8.     Defendant Midland Funding NCC-2 Corp. is a purchaser of defaulted debt.

9.     Defendant Midland Funding NCC-2 Corp. claims to have purchased defaulted debt allegedly owed by Kuhne.

10.    Defendant Midland Funding NCC-2 Corp. is a "debt collector" for purposes of the New York City Administrative Code. *See Centurion Capital Corporation v. Druce*, No. 29303/06, ___ N.Y.S.2d ____, 2006 WL 3849021 (N.Y.City Civ. Ct., N.Y. County Kern, J. Dec. 21, 2006).

11.    Defendant Cohen & Slamowitz, LLP is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12.    Defendant Cohen & Slamowitz, LLP is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

### *Jurisdiction and Venue*

13.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14.    Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

15.     This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a)

16.     Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

17.     Venue is also proper in this district since all Defendants can be found, have agents, and transact business in this district.

### *Factual Allegations*

18.     Sometime in May 2006, on a date better known by Defendants, Midland Funding NCC-2 Corp. hired Defendants Cohen & Slamowitz, LLP to collect an alleged consumer debt from Plaintiff Paul Kuhne.

19.     Midland Funding NCC-2 Corp. directed Defendant Cohen & Slamowitz, LLP to collect the alleged consumer debt by telephone and mail, and by filing litigation in the New York City Civil Courts.

20.     On June 9, 2006, Defendants attempted to collect an alleged debt from Plaintiff by filing a summons and complaint with the Civil Court of the City of New York, County of New York, Index No. 33248 CVN 2006.

21.     Shortly thereafter, Defendant Cohen & Slamowitz, LLP caused service of the summons and complaint to be made on Plaintiff.

22.     Defendants actively litigated Midland Funding NCC-2 Corp.'s Civil Court case against Kuhne.

23.     On February 20, 2007, Defendants stipulated to discontinue Midland Funding NCC-2 Corp.'s Civil Court case against Kuhne with prejudice.

24.     In defending the Civil Court case, Kuhne incurred attorney fees.

3

25.    Defendant Midland Funding NCC-2 Corp. is not licensed as a debt collector by
the New York City Department of Consumer Affairs under the New York City Administrative
Code.

26.    At no time have Defendants advised Kuhne or the New York City Civil Court that
Defendants arc not licensed as debt collectors by the New York City Department of Consumer
Affairs and therefore are not permitted to bring suit. *See Centurion Capital Corporation v.
Druce*, No. 29303/06, ___ N.Y.S.2d ___, 2006 WL 3849021 (N.Y.City Civ. Ct., N.Y. County
Kern, J. Dec. 21, 2006).

27.    Defendant Cohen & Slamowitz, LLP knew or should have known that Midland
Funding NCC-2 Corp. is not licensed as a debt collector by the New York City Department of
Consumer Affairs and therefore is not allowed to bring suit.

## COUNT I
### *Violations of the FDCPA*
### *Against Defendants Midland Funding NCC-2 Corp. and Cohen & Slamowitz, LLP*

28.    Plaintiff hereby restates, realleges, and incorporates herein by reference all
foregoing paragraphs as if set forth fully in this Count.

29.    In their collection efforts, Defendants Midland Funding NCC-2 Corp. and Cohen
& Slamowitz, LLP violated the FDCPA, including, *inter alia*, § 1692d, -e, or -f, and their
subdivisions. *See Williams v. Goldman & Steinberg, Inc.*, No. CV-03-2132(DGT), 2006 WL
2053715 (EDNY, Trager, J. July 21, 2006) ("I conclude that there was a violation of the FDCPA
because the defendant did not have a license when it sent the Collection Letter to a New York
City resident, as required by regulations of the City of New York.  New York, NY, Admin Code
tit. 20, ch. 2, § 20-490; *see Gaetano v. Payeo of Wisconsin, Inc.*, 774 F.Supp. 1404, 1414-15
(D.Conn. 1990).") More particularly, Defendants have, among other things, done the following:

4

30.     Defendants violated FDCPA § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Kuhne in connection with the collection of the alleged debt.

31.     Defendants violated FDCPA § 1692e and -e(2) by giving a false impression of the character, amount, or legal status of the alleged debt.

32.     Defendants violated FDCPA § 1692e and -e(5) by taking action that could not legally be taken.

33.     Defendants violated FDCPA § 1692e and -e(10) by using false, deceptive, and misleading means in connection with attempting to collect the alleged debt.

34.     Defendants violated FDCPA § 1692f and -f(1) by attempting to collect amounts not permitted by law.

35.     Defendants violated FDCPA § 1692f by using unfair and unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff Paul Kuhne respectfully requests that this Court grant the following relief in his favor, and on behalf of the class, against Defendants Midland Funding NCC-2 Corp., and Cohen & Slamowitz, LLP:

(A)    Statutory damages as provided by § 1692k of the FDCPA;

(B)    Actual damages as provided by § 1692k of the FDCPA;

(C)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D)    Declaratory relief; and

(E)    Any other relief this Court deems appropriate and just.

## COUNT II

### Violations of New York General Business Law § 349
### Against Defendants Midland Funding NCC-2 Corp. and Cohen & Slamowitz, LLP

36.     Plaintiff hereby restates, realleges, and incorporates herein by reference all

foregoing paragraphs as if set forth fully in this Count.

37.     Under New York General Business Law § 349, deceptive acts or practices in the

conduct of any business conducted in the State of New York are unlawful.

38.     GBL § 349 provides in relevant part as follows:

   a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

   h. *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

39.     By unlawfully filing suit against Kuhne and litigating the Civil Court case against

him with no right to bring suit or litigate, Defendants have caused Kuhne to suffer actual injury

in the form of emotional distress and attorney fees incurred in defending the Civil Court action.

40.     As a direct and proximate result of Defendants' deceptive acts and practices,

committed in violation of GBL §349, Kuhne was damaged in that he, among other things,

suffered stress and anxiety as a result of the Civil Court action and suffered monetary damages

from spending attorney fees to defend an action brought in violation of the law.

WHEREFORE, Plaintiffs Paul Kuhne respectfully requests that this Court enter judgment

in their favor against Defendants as follows:

6

a. Actual damages;

b. Punitive damages;

c. Attorneys' fees, litigation expenses and costs incurred in bringing this action;

d. Injunctive relief; and

e. Any other relief that this Court deems appropriate and just under the circumstances.

### *Demand for Jury Trial*

Please take notice that Plaintiff demands trial by jury in this action.

Dated:     New York, New York
           February 23, 2007

Respectfully submitted,

BROMBERG LAW OFFICE, P.C.

By: _____

Brian L. Bromberg (BLB: 6264)
One of Plaintiff's Attorneys

<u>Attorneys for Plaintiff</u>
Brian L. Bromberg (BLB - 6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Lance A. Raphael (LR - 3625)*
Stacy M. Bardo (SB - 4426)*
Attorneys at Law
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

* NOTE – Out-of-state counsel will move for *pro hac vice* admission shortly after the case is assigned to a judge, the complaint is served, and the Defendant appears.