UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL KUHNE,<br><br>Plaintiff,<br><br>-against-<br><br>COHEN & SLAMOWITZ, LLP, and MIDLAND FUNDING NCC-2 CORP.,<br><br>Defendants. | No. 07-cv-1364(HB) |

**Declaration of Brian L. Bromberg in Support of
Plaintiff's Motion for Summary Judgment**

I, Brian L. Bromberg, declare, under penalty of perjury, under 28 U.S.C. § 1746, that the following is true and correct:

1. I represent the Plaintiff, Paul Kuhne, in the above-captioned case, and I am making this Declaration in support of Plaintiff's Motion for Summary Judgment.

2. Attached as Exhibit A is a copy of the First Amended Complaint in this case.

3. Attached as Exhibit B is a copy of Cohen & Slamowitz's (C&S) Answer to the First Amended Complaint in this case.

4. Attached as Exhibit C is a copy of Midland Funding NCC-2 Corp's (NCC-2) Answer to the First Amended Complaint in this case.

5. Attached as Exhibit D are those pages from the deposition transcript of C&S's Rule 30(b)(6) witness, David Cohen, cited to in the accompanying memorandum in support or Local Rule 56.1 Statement of Undisputed Facts.

1

6. Attached as Exhibit E are those pages from the deposition transcript of NCC-2's Rule 30(b)(6) witness, Brian Frary, cited to in the accompanying memorandum in support or Local Rule 56.1 Statement of Undisputed Facts.

7. Attached as Exhibit F are those pages from the deposition transcript of Brian Frary taken in a group of consolidated FDCPA cases pending in the Northern District of Illinois, *Jackson v. Midland Credit Management, Inc., et al.*, and cited to in the accompanying memorandum in support or Local Rule 56.1 Statement of Undisputed Facts. (Because Defendants designated this exhibit confidential, Plaintiff is filing it under seal until Defendants agree to remove the designation or the Court has ruled on the propriety of the designation.)

8. Attached as Exhibit G is a copy of the Form 10-K that Encore Capital Group, Inc. filed with the U.S. Securities & Exchange Comm'n for the fiscal year ending Dec. 31, 2006 with Exhibit 21 thereto ("List of Subsidiaries"). I printed this form from the SEC filings available online at http://www.sec.gov/edgar.shtml.

9. Attached as Exhibit H is a copy of the Stipulation Discontinuing Action with prejudice.

10. Attached as Exhibit I is a copy of C&S's Response to Plaintiff's Requests for Admission.

11. Attached as Exhibit J is a copy of partially-redacted organizational chart showing Encore Capital Group, Inc.'s corporate structure as it exists today.

12. Attached as Exhibit K is a copy of the "Servicing Agreement" dated December 15, 2006, between NCC-2 and Midland Credit Management, Inc. ("MCM"). (Because Defendants designated this exhibit confidential, Plaintiff is filing it under seal

until Defendants agree to remove the designation or the Court has ruled on the propriety of the designation.)

13. Attached as Exhibit L are copies of three affidavits that purport to be signed by "an employee of Midland Credit Management, Inc., which has been engaged by plaintiff to service the account referred to below." Cohen & Slamowitz, LLP, used these affidavits to obtain default judgments against the defendants in the Civil Court of the City of New York, County of New York.

14. I personally photocopied these affidavits at the Civil Courthouse at 111 Centre Street. When doing so, I selected the first three files I found on the Civil Court computer system in which Midland Funding NCC-2 Corp. was the named plaintiff, Cohen & Slamowitz, LLP, was the attorney of record, and a default judgment had been entered.

15. Attached as Exhibit M is a copy of the Urban Justice Center's October 2007 report, *Debt Weight: The Consumer Credit Crisis in New York City and its Impact on the Working Poor*. I printed the report from UJC's website: http://www.urbanjustice.org/pdf/publications/CDP_Debt_Weight.pdf.

16. Using the "eCourts" system now available online, I was able to print out a full list of all cases filed in the New York City Civil Courts for The Bronx, Brooklyn, and Queens in the name of NCC-2 during from January 1, 2006 through November 5, 2007:

| Date | County | Number of Cases Filed |
|---|---|---|
| All of 2006 | The Bronx | 2494 |
| January 1-November 5, 2007 | The Bronx | 625 |
| All of 2006 | Brooklyn | 2713 |

| | | |
|---|---|---|
| January 1-Novmeber 5, 2007 | Brooklyn | 697 |
| All of 2006 | Queens | 2143 |
| January 1-November 5, 1007 | Queens | 575 |

24. Because of the sheer volume of the printouts, I am not filing them with the Court. But copies of the lists of cases have been provided to Defendants in accordance with Rule 26(a), and I will make them available to the Court for review upon request.

25. Technical difficulties with the eCourts system made it impossible for me to generate similar reports for Manhattan and Staten Island. But during their 30(b)(6) depositions, Defendants admitted to filing hundreds of cases in the name of NCC-2 in Manhattan.

26. Finally, I am attaching a series of unpublished decisions and other materials cited in Plaintiff's memorandum. Attached as Exhibit N is a copy of the Decision and Order issued by the New York City Department of Consumer Affairs in the case of *Dep't of Consumer Affairs v. Asset Acceptance*, LLC, Violation No. PL1044927 (July 24, 2006).

27. Attached as Exhibit O is a copy of the DCA's Appeal Determination, dated February 23, 2007, upholding the Decision and Order in *Dep't of Consumer Affairs v. Asset Acceptance*, LLC, Violation No. PL1044927.

28. Attached as Exhibit P is a copy of the informal opinion letter from Marla Tepper, dated March 7, 2007.

29. Attached as Exhibit Q is a copy of the unpublished decision in *Rushmore Recoveries, XI, LLC v. Morningstar*, slip op., No. 19884-06 (Moulton, J.) (N.Y. City Civ. Ct., N.Y. Co., July 17, 2007).

30. Attached as Exhibit R is a copy of the unpublished decision in *MRC Receivables Corp. v. Morales*, slip op., No. 64334/06 (Danziger, JCC) (N.Y. City Civ. Ct., Bronx Co., May 7, 2007). I have been advised by the attorneys for Morales that the decision and order is on appeal to the Appellate Term, and that the appeal has been perfected and argued.

31. Attached as Exhibit S is a copy of an organizational chart showing Encore's corporate structure before reorganization.

Dated: New York, New York
       January 7, 2008

                                          /s/ Brian L. Bromberg
                                          Brian L. Bromberg