Exhibit N

*Dept. of Consumer Affairs v. Asset Acceptance, LLC f/k/a Asset Acceptance Corp.*

**CITY OF NEW YORK**
**DEPARTMENT OF CONSUMER AFFAIRS**

-------------------------------------X

**THE DEPARTMENT OF CONSUMER AFFAIRS,**

    Complainant,

☐ against ☐

**ASSET ACCEPTANCE, LLC f/k/a ASSET ACCEPTANCE CORP.,**

    Respondent.

-------------------------------------X

**Violation No.:**
PL1044927

**Respondent's Address:**
28405 Van Dyke Ave.
Warren, MI 48093

**Date: July 24, 2006**

**DEPARTMENT OF CONSUMER AFFAIRS, DECISION AND ORDER**

A hearing on the above-captioned matter was held on May 11, 2006.[1]

Appearances: For the Department: Elizabeth Lang, Esq., Deputy Director for Litigation. For the Respondent: Arthur Sanders, Esq.; Barbara A. Sinsley, vice president.

The Notice of Hearing charged the respondent with violating Section 20-490 of the Administrative Code of the City of New York "by acting as a debt collection agency in the City of New York without a license therefor."

Based on the evidence in this case, I **RECOMMEND** the following:

**Findings of Fact:**

1

Respondent is a national company that buys "charged-off" (i.e., defaulted) consumer receivables such as credit cards, consumer loans, medical, utilities, telecom, health club, and auto deficiencies. Respondent regularly purchases such debt from credit issuers, consumer finance companies, retail merchants, telecommunications and other utility providers, as well as resellers and others. Since at least April 10, 2003, respondent regularly has attempted to collect the amounts owed from consumers, including those residing in New York City, with respect to such debts.

Respondent is not, and never has been, licensed by the Department as a debt collection agency.

## Opinion

The above-stated facts are not in dispute.[2]

For the reasons set forth below, the undisputed facts thus establish that the respondent was engaged in unlicensed debt collection agency activity from April 10, 2003 until May 11, 2006, the originally scheduled hearing date.

Respondent's argument is that, in regularly collecting or attempting to collect debts owed or due to itself or asserted to be owed or due to itself, respondent is not "engaged in business the principal purpose of which is to regularly collect or attempt to collect debts owed or due or asserted to be owed or due to another" (emphasis added), within the purported plain meaning of Section

**[Rest of page intentionally left blank.]**

20-489.[3] For the reasons stated below, I agree with the Department's contrary argument that the pertinent licensing statute, New York Administrative Code, Title 20, Chapter 2,

subchapter 30, Sections 20-488 et seq. ("Debt Collection Agencies"), should be interpreted consistently with the courts' interpretation of the term "debt collector" within the meaning of the federal Fair Debtor Collection Practices Act so that respondent's activities are to be considered "acting as a debt collection agency" within the meaning of, and in violation of, Section 20-490.

It is fundamental that, in interpreting a statute, a court should attempt to effectuate the intent of the Legislature. As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof. See Flores v. The Lower East Side Center, Inc. v. Procida Realty and Construction Corp., 4 N.Y.3d 363, 795 N.Y.S.2d 491, 828 N.E.2d 593 (2005) (citing Majewski v. Broadalbin-Perth Cent. School Dist., 91 N.Y.2d 577, 583, 573 N.Y.S.2d 966, 696 N.E.2d 978 (1998)). In Famarelli v. Marsam, Inc., 92 N.Y.2d 298, 608 N.Y.S.2d 440, 703 N.E.2d 251 (1998), when confronted with an unclear statute and the question of whether it replaced a common law remedy, the New York State Court of Appeals wrote:

> [W]e acknowledge that the enactment does not explicitly utter a legislative direction□. To answer the question, therefore □, the Court must look beyond the language of the statute. Our preeminent responsibility in that endeavor is to search for and effectuate the Legislature's purpose. In this respect, legislative history and the events associated with and occasioning the passage of the particular statute are valuable guiding lights.

92 N.Y.2d at 303 (citations omitted). In Mowczan v. Bacon, 92 N.Y.2d 281, 680 N.Y.S.2d 431, 703 N.E.2d 242 (1998), in answering the question of whether contribution was permissible under an unclear provision of the State's Vehicle and Traffic Law, the Court of Appeals stated: "In matter of statutory construction, legislative intent is the great and controlling principle□. Generally, inquiry must be made of the spirit and purpose of the

3

legislation, which requires examination of the statutory context of the provision as well as its legislative history." Id., 92 N.Y.2d at 285 (internal quotation marks and citations omitted); see also Sutka v. Margaret Conners, 73 N.Y.2d 395, 403, 541 N.Y.S.2d 191, 538 N.E.2d 1012 (1989); accord In the Matter of ATM Once, LLC, 2 N.Y.3d 472, 476, 779 N.Y.S.2d 808, 812 N.E.2d 298 (2004).

Section 20-490 provides, in pertinent part, that "[i]t shall be unlawful for any person to act as a debt collection agency without first having obtained a license in accordance with the provisions of this subchapter☐." Section 20-489(a) defines "debt collection agency" as, with enumerated exclusions, "a person engaged in business the principal purpose of which is to regularly collect or attempt to collect debts owed or due or asserted to be owed or due to another" (emphasis added). See also Section 20-488 ("Legislative declaration") ("The council hereby finds the presence of consumer related problems with respect to the practices of debt collection agencies whose sole concern is the collection of debts owed to their clients☐.") (emphasis added).

The Department argues, inter alia, that the treatment of "debt collectors" under the federal Fair Debtor Collection Practices Act (FDCPA), 15 U.S.C. Section 1692 et seq., should provide consistent guidance. The FDCPA, unlike the city statute at issue, makes a pointed definitional distinguishment between "debt collectors" and "creditors." Creditors, "who generally are restrained by a desire to protect their good will when collecting past due accounts," S. Rep. 95-382, at 5 (1977), are not covered by the FDCPA. Instead, the Act is aimed at debt collectors, who may have "no future contact with the consumer and often are unconcerned with the consumer's opinion of them." See id. In general, a creditor is broadly defined as one who "offers or extends credit creating a debt or to whom a debt is owed," 15 U.S.C. § 1692a(4), whereas a debt collector is one who attempts to collect debts "owed or due or asserted to be owed or due another." Id. § 1692a(6). For purposes of applying the FDCPA to a particular debt, these two categories ☐ debt collectors and creditors ☐ are mutually exclusive. However, for debts that do not originate with the one

4

attempting collection, but are acquired from another, the collection activity related to the debt logically could fall into either category. If the one who acquired the debt continues to service it, it is acting much like the original creditor that created the debt. On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector. To distinguish between these two cases, the FDCPA uses the status of the debt collector at the time of assignment:

(6) The term "debt collector" means any person who ☐ regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be due another☐. The term does not include ☐

(F) any person collecting or attempting to collect any owed or due or asserted to be owed or due another to the extent such activity ☐ (iii) <u>concerns a debt which was not in default at the time it was obtained by such person.</u>

15 U.S.C. § 1692a (emphasis added). Notwithstanding the general definitional language of "debtor collector" as one "who regularly collects or attempts to collect ☐ debts owed or due or asserted to be due [to] another ," by reason of this emphasized exemption language, the courts consistently have interpreted the FDCPA as treating assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. See <u>Bailey v. Sec. Nat'l Serving Corp.</u>, 154 F.3d 384, 397 (7th Cir. 1998); <u>Whitaker v. Ameritech Corp.</u>, 129 F.3d 952, 958 (7th Cir. 1997); <u>see also Asset Acceptance Corporation v. Othell Robinson</u>, 244 Mich. App. 728, 625 N.W.2d 804 (Mich. Ct. App. 2001) (cited by respondent) (same respondent conceded that it was subject to FDCPA as a "debt collector," court determining that it was not a "collection agency" within meaning of Michigan collection practices act (MCPA) statutory definition). In <u>Commercial Service of Pery, Inc. v. Fitzgerald</u>, 856 P.2d 58 (Colo. Ct. App. 1993)(cited by the Department), the Colorado Court of Appeals, in interpreting its state Fair Debt Collection

Practices Act, which was patterned after the FDCPA, afforded the same treatment to assignees.

Significantly, the exemptions included in Section 20-489(a)(7) tracks the same exemption language from the definition of "debt collector" contained in 15 U.S.C. § 1692a(6)(F), although evidently that language became unintentionally somewhat distorted in the process of enactment. This conclusion is drawn from a "side-by-side" comparison of the full texts of these provisions. 15 U.S.C. § 1692a(6) states, in pertinent part that the term "debt collector":

> does not include --
>
> (F) any person collecting or attempting to collect any debt owed or due
>
> or asserted to be owed or due another to the extent such activity
>
> (i)
>
> is incidental to a bona fide fiduciary obligation or a bona fide escrow
>
> arrangement; (ii) concerns a debt which was originated by such person;
>
> (iii) concerns a debt which was not in default at the time it was
>
> obtained by such person; or (iv) concerns a debt obtained by such

person as a secured party in a commercial credit transaction involving the creditor."

New York City Administrative Code Section 20-489(a) states, in pertinent part that the term "debt collection agency":

does not include:

(7) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person as a secured party in a commercial credit transaction involving the creditor.

In my opinion, Section 20-489(a)(7)(iii) simply does not make sense except to read it, consistently with the nearly identical language of the FDCPA exemption, as not including "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity □ concerns a debt which was not in default at the time [or] it was obtained by such person as a secured party in a commercial credit transaction involving the creditor."

Accordingly, my opinion is that the Legislature, in enacting these provisions of the New York Administrative Code in 1984, LL. 65/1984 § 1, evidently intended to treat

7

assignees in the same manner as they would be treated under the FDCPA. Accordingly, consistent with the treatment by the courts of assignees in interpreting the FDCPA, my opinion is that assignees should be treated as a "debt collection agency" under Administrative Code Sections 20-489 and 20-490 if the debt, as here, sought to be collected was in default when acquired by the assignee.

It is my further opinion that the statutory language of Section 20-489 otherwise is not so plain as to mandate its enforcement according to its terms. See, e.g., Commercial Service of Perry, Inc. v. Fitzgerald, supra, 856 P.2d at 60-61 (noting that Colorado's similarly worded licensing law is "far from a model of clarity"). Accordingly, Administrative Code Section 20-103 directs me to construe the statute "liberally" in accordance with the legislative declaration set forth in Section 20-101, i.e., among other things, in accordance with the "protection and relief of the public from deceptive, unfair and unconscionable practices." I am also guided by the legislative declaration to Administrative Code Subchapter 30 ("Debt Collection Agencies") set forth in Section 20-488:

> The council hereby finds the presence of consumer related problems with respect to the practices of debt collection agencies whose sole concern is the collection of debts owed to the clients. While the majority of those engaged in this business are honest and ethical in their dealings, there is a minority of unscrupulous collection agencies in operation that practice abusive tactics such as threatening delinquent debtors, or calling such people at outrageous times of the night. These actions constitute tactics which would shock the conscience of ordinary people. Due to the sensitive nature of the information used in the course of such agency's everyday business, and the vulnerable position consumers find themselves in when dealing with these agencies, it is incumbent upon this council to protect the interests, reputations and fiscal well-being of the citizens of this city against those agencies who would abuse their privilege of operation. It is hereby declared that the city should license

debt collection agencies.

In this regard, the opinion of the Colorado Court of Appeals in Commercial Perry, Inc. v. Fitzgerald, supra, 856 at 60-61, in interpreting the similarly worded Colorado licensing law is entirely persuasive:

> Under [the Colorado] Act, a debt "owed or due another" would refer to credit originally extended by another. Hence, those who originally extend credit are not subject to the Act[]. Those who take assignments of debt not in default likewise are not required to obtain a license, though they are subject to the Act's other provisions[]. However, a company which takes an assignment of a debt in default, and is a business the principal purpose of which is to collect debts, may be subject to the Act, even if the assignment is permanent and without any further rights in the assignor.
>
> This construction of the statute gives sensible effect to all parts of the statutory scheme[,] avoids rendering any one provision meaningless, and avoids an interpretation that would lead to an absurd result[]. It also gives effect to the apparent legislative goal of regulating those in the business of collecting stale debts who are likely to have no further contact with the consumer and often are unconcerned with the consumer's rights or needs.

In short, my determination is that collecting charged-off consumer debts for itself is respondent's business, for which it requires a "debt collection agency" Departmental license.

In my opinion, given that, previous to the issuance of this decision, the proper construction of the relevant statute so as to treat assignees consistently with the courts' treatment under the FDCPA was non-obvious, a monetary penalty should not be imposed.

9

## Order

The respondent is found guilty of engaging in unlicensed activity from April 10, 2003 to May 11, 2006, the originally scheduled hearing date.

The respondent is **Ordered** to pay to the Department a **TOTAL FINE of $0**.

It is further **Ordered**, that the above respondent shall immediately discontinue its unlicensed activity at the above-referenced premises, and

It is further **Ordered**, that the above premises used primarily for the operation of the illegal, unlicensed activity shall be <u>SEALED</u> if such illegal activity is not discontinued within 10 days of the posting of this Order; and.

It is further **Ordered**, that any devices, items or goods sold, offered for sale, or available for public use or utilized in the operation of a business and relating to such illegal activity <u>shall be removed, sealed or otherwise made inoperable</u> if such illegal activity is not discontinued within 10 days of the posting of this Order. Any perishable goods or food products seized by the Department pursuant to the within Order which cannot be retained without them becoming unwholesome, putrid, decomposed or unfit in any way will be disposed of pursuant to the provisions of Section 17-323 of the New York City Administrative Code.

**This constitutes the recommendation of the Administrative Law Judge.**

Mitchell B. Nisonoff
Administrative Law Judge

[Rest of page intentionally left blank.]
### DECISION AND ORDER:

The recommendation of the Administrative Law Judge is approved.

**This constitutes an Order of the Department.**

**If the respondent has obtained a license, its failure to comply with this order within 30 days shall result in the suspension of that license, and may result in the suspension of any other Department of Consumer Affairs license(s) held by the respondent.**

Nancy J. Schindler
Deputy Director of Adjudication

**PLEASE TAKE NOTICE** that, if you are found guilty of, or plead guilty to, such unlicensed activity in the future, there shall be a presumption of continuous unlicensed activity from the date of this decision to the date of the subsequent hearing or settlement agreement.

cc: Elizabeth Lang, Esq., Deputy Director for Litigation

Arthur Sanders, Esq.

Law Office of Arthur Sanders
2 Perlman Drive ☐ Suite 301
Spring Valley, NY 10977

Barbara A. Sinsley
Vice President
Compliance Counsel
2840 S. Falkenburg Road
Riverview, FL 33569

**NOTICE TO RESPONDENT(S):** If you wish to **APPEAL** this decision, or file a **MOTION FOR REHEARING**, you must file your appeal or motion with the Director of Adjudication, Department of Consumer Affairs, 66 John Street, New York, NY 10038, **within 30 days of the date of this decision**. You must include with your appeal or motion (1) a check or money order payable to the Department of Consumer Affairs for the sum of $25; and (2) *a check or money order payable to the Department of Consumer Affairs for the amount of the fine imposed by the decision, or an application for a waiver, based upon financial hardship, of the requirement to pay the fine as a requisite for an appeal, supported by evidence of financial hardship including the most recent tax returns you have filed.* In addition, you must serve a copy of your appeal or motion for rehearing, and any related documents, on the Litigation and Mediation Division of the Department of Consumer Affairs, 42 Broadway, 9th Floor, New York, NY 10004.

Back to top

all text and images ☐ 2004 New York Law School

copyright | disclaimer | privacy policy | site map