# Exhibit O

**CITY OF NEW YORK**
**DEPARTMENT OF CONSUMER AFFAIRS**
-----------------------------------------------------------------X

**DEPARTMENT OF CONSUMER AFFAIRS,**     **APPEAL DETERMINATION**

                                    **Violation Number(s):**
          **Complainant**      **PL1044927**

- against -

**ASSET ACCEPTANCE LLC**                 **Date: February 23, 2007**
**f/k/a ASSET ACCEPTANCE CORP.,**

               **Respondent.**

-----------------------------------------------------------------X

The respondent appeals from the Decision dated July 24, 2006, insofar as it found the respondent guilty of violating Administrative Code Section 20-490 by engaging in unlicensed debt collection agency activity [1]

After due consideration of the arguments presented in the respondent's appeal and the Department's reply, the Decision is **affirmed.**

The respondent argues on appeal that the Judge should not have interpreted "debt collection agency" as defined in Section 20-489(a) to apply to the respondent However, the Judge was in fact correct that the respondent's activity falls within that definition.

Section 20-489(a) defines "debt collection agency" as "a person engaged in business the principal purpose of which is to regularly collect or attempt to collect debts owed or due or asserted to be owed or due to another." The record establishes that the principal *purpose* of the respondent's business is to collect debts owed to others The fact that the respondent carries out this purpose by the two-step process of first purchasing the debts owed to others and then performing collection activities does not change the fact that collecting debts owed to others is the principal purpose for which the respondent's business exists Accordingly, the respondent's activity falls within the language of Section 20-489(a)

---

[1] The Department's "objection" to the Decision insofar as it did not order the respondent to pay a fine for its unlicensed activity shall not be considered on appeal because the Department did not appeal within the required 30-day period, and did not submit a request for tolling of this time period. (See 6 RCNY Section 6-40.)

This interpretation is supported by the language of Section 20-489(a)(7)(iii), which excludes from the definition of debt collection agency "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity concerns a debt which was not in default *at the time it was obtained by such person* as a secured party in a commercial credit transaction involving the creditor" (emphasis added) An implication of this limited exclusion is that the collection of other "obtained" debt falls within the statute's scope and that, in particular, a party's collection of debt that is in default at the time the party obtains it does fall within the definition of a debt collection agency [2]

Finally, the Judge's interpretation of the definition of debt collection agency to include the respondent's activity is mandated by both the statutory purpose and public policy. The purpose of the debt collection law is to protect the public against abusive debt collection practices by businesses whose sole concern is collection of debt (and who therefore do not have the original creditor's impetus to regulate their own conduct in the interest of maintaining the good will of their customers). See Section 20-488. Interpretation of the statute to exclude the respondent's activity would mean that businesses could circumvent the legislative purpose and deprive the public of the protection the statute was intended to afford simply by purchasing debt before trying to collect it *See Centurion Capital Corporation a/a/o Aspire Card v Robert Druce,* Index No 29303/06 (Dec 21, 2006) (finding that a purchaser of defaulted debt whose principal purpose is collection of that debt is a debt collection agency within the meaning of Administrative Code Section 20-489)

The respondent's argument on appeal that the Judge should have taken administrative notice of the Department's "License Application Checklist," which states that "[a] person or business is a Debt Collection Agency if engaged in business of which the principal purpose is to collect debts owed to another person or entity," is without merit Since the Checklist merely paraphrases the definition of "debt collection agency" set forth in Section 20-489, taking administrative notice of it would have been unnecessarily duplicative

---

[2] The Judge determined that Section 489(a)(7)(iii) was intended to simply provide for an exemption for collection of any debt "that was not in default at the time it was obtained" by the collector Regardless of whether the provision is read this way or as written, however, the exclusion of collection of (either some or all) debt that was not in default "at the time it was obtained" implies that collection of other "obtained" debt, that was in default when obtained, is covered by the statute

There will be no further agency action in this matter. Should the respondent wish to pursue the matter, it may attempt to do so pursuant to Article 78 of the Civil Practice Law and Rules. If the respondent decides to proceed, it may find it useful to consult with the Clerk of the New York State Supreme Court or its attorney. The Department of Consumer Affairs cannot render assistance to persons who are contemplating suit against it.

**SO ORDERED:**

Diana Zalph
Director of Adjudication

TO:   Arthur Sanders, Esq.
      2 Perlman Drive, Suite 301
      Spring Valley, NY 10977-5230

      Asset Acceptance LLC
      28405 Van Dyke Ave
      Warren, MI 48093

      Elizabeth Lang
      Deputy General Counsel

cc:   Barbara A Sinsley
      Vice President
      Compliance Counsel
      2840 S Falkenburg Road
      Riverview, FL 33569

      Enforcement
      Licensing