Exhibit P



The New York City
Department of
Consumer Affairs
42 Broadway
New York, NY
10004-1716

Jonathan Mintz
Commissioner

Marla Tepper
General Counsel

(212) 487-4406
(212) 487-4197 (fax)

March 7, 2007

Dennis Malen
Malen & Associates P.C.
123 Frost Street
Westbury, NY 11590

Dear Mr. Malen:

The Department of Consumer Affairs issues this letter in response to an inquiry from the Consumer Credit Association of Metropolitan New York, a local trade group, as to whether "debt buyers" that do not themselves engage in collection activities must be licensed by the Department. "Debt buyer" is a term commonly used to describe a purchaser or assignee of defaulted debt.

In addressing this question, the Department first confirms its position that a purchaser or assignee of defaulted debt whose principal purpose is the collection of that debt, whether for itself or others, is a "debt collection agency" under New York City Administrative Code § 20-489 (a). Debt buyers that engage in debt collection activities must therefore be licensed by the Department in order to collect debts in New York City. New York City Administrative Code § 20-490.

A debt buyer that merely purchases or acquires defaulted debt but does not engage in collection activities itself does not require a license from the Department. Administrative Code § 20-489 defines a debt collection agency as "a person engaged in business the principal purpose of which is to regularly collect or attempt to collect debts owed or due or asserted to be owed or due to another." In enacting this statute, the City Council sought to

curb abusive practices of debt collection agencies by requiring licensing of those entities dealing directly with the consumer public in the collection of debts. Administrative Code § 20-488. Thus, under the Administrative Code, a "debt collection agency" is an entity engaged in actively collecting or attempting to collect debts.

You have also suggested that as long as debt buyers that do not themselves engage in collection activities "refer their accounts to a licensed collection agency or a law firm (who is exempted) [sic], that should satisfy the concern of the DCA." The Department takes this opportunity to make clear that all attorneys and law firms are not exempt from our licensure requirements. The Code narrowly exempts from the definition of "debt collection agency" "any attorney-at-law collecting a debt *as an attorney* on behalf of and in the name of a client." New York City Administrative Code § 20-489 (a) (5) (emphasis added). Thus, the Code's exemption applies to those attorneys whose practice is limited to legal activities such as the filing and prosecution of lawsuits to reduce debts to judgments. The narrow exception does not, however, cover attorneys or law firms that regularly engage in activities traditionally associated with debt collection such as sending demand letters (dunning notices) or making collection telephone calls to consumers. Such attorneys and law firms are "debt collection agencies" under the New York City Administrative Code and must be licensed by the Department.

Thank you for your continued cooperation and for sharing this information with your members.

Sincerely,

Marla Tepper