Exhibit Q

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
RUSHMORE RECOVERIES, XI, LLC,

                            Plaintiff,

         -against-                        Index No.:19884-06

ROBERT D. MORNINGSTAR,

                            Defendant.
-----------------------------------------------------------------------X

Peter Moulton, J.

Defendant moves for an order pursuant to CPLR 3211(a)(7) dismissing the complaint. Plaintiff cross-moves for an order pursuant to CPLR 3212 granting summary judgment. Defendant also moves for a protective order striking plaintiff's notice to admit.[1]

## FACTS

In this consumer credit transaction case plaintiff, the assignee of the debt, seeks to recover $20,058.54 for unpaid charges on a credit card. Plaintiff asserts that defendant may not maintain this action because it is a unlicensed debt collection agency. Citing <u>Centurion Capital Corporation a/a/o Aspire Card v. Robert Druce</u>, 14 Misc3d 564, defendant argues that plaintiff is required to allege as a part of its complaint that it is a duly licensed debt collection agency under the New York City Administrative Code 20-489(a), setting forth the name and number of the license and the

---

[1] In determining these motions, the court reviewed the following documents: 1) defendant's motion to dismiss, 2) plaintiff's affirmation in opposition, 3) plaintiff's cross-motion for summary judgment, 4) defendant's memorandum of law in opposition to plaintiff's summary judgment motion, 5) defendant's motion for a protective order striking plaintiff's Notice to Admit, 6) defendant's reply memorandum of law in support of motion to dismiss

governmental agency which issued the license. As plaintiff has not done so, defendant asserts that the complaint must be dismissed.

Plaintiff argues that it is not a debt collector, but merely an assignee of the debt and therefore not required to register with the Department of Consumer Affairs (DCA). Plaintiff asserts that it is a passive debt buyer who has no dealings with the public. Plaintiff claims that as soon as a debt is purchased, it is forwarded to its attorneys for collection activity. Therefore, plaintiff argues that it is exempt from the holding in Centurion Capital supra (See PRA III, LLC v. MacDowell, 15 Misc3d 1135[A]).

## DISCUSSION

Defendant's motion to dismiss is granted. Under Centurion Capital supra plaintiff, as a assignee or purchaser of a defaulted debt, is a debt collection agency within the meaning of New York City Administrative Code § 20-489 because the debt acquired by plaintiff was in default at the time of the acquisition and because plaintiff's principal purpose is debt collection. A debt collection agency must be licensed and must allege its licensed status and include its licensing information in its complaint (CPLR 3015[e]). As plaintiff in this case is not licensed and therefore could not comply with the requirements of CPLR 3015[e]), the complaint must be dismissed pursuant to CPLR 3211(a)(7).

## CONCLUSION

Defendant's motion to dismiss the complaint if granted. Plaintiff's cross motion is denied as moot as is defendant's motion for a protective order. This constitutes the decision and order of the court.

Dated: 7/17/07

_____
J.C.C.

HON. PETER H. MOULTON