Exhibit R

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 32
------------------------------------------------------------X
MRC RECEIVABLES CORP.,

              DECISION and ORDER
       Plaintiffs,    Index No. 64334/06

  -against-

              Present: Hon. Mitchell Danziger
                    JCC

PEDRO MORALES A/K/A MORALES PEDRO,

       Defendant.
------------------------------------------------------------X

Recitation, as required by CPLR §2219(a), of the papers considered in reviewing the underling motion for summary judgment:

  Notice of Motion and annexed Exhibits and Affidavits................................................1
  Memorandum of Law.............................................................................................2 & 5
  Affirmation in Opposition and annexed Exhibits......................................................3
  Attorney Affirmation...................................................................................................4

  Upon the foregoing papers, the Decision/Order on this motion is as follows:
  The motion by the defendant, Pedro Morales, seeks to dismiss the complaint pursuant to CPLR 3211(a)(3), 3211 (a)(7) and 3211(a)(8).
  Movant's asserts that for plaintiff to act as a debt collection agency in the City of New York, the plaintiff must be licensed by the New York City Department of Consumer Affairs (DCA) N.Y.C. Admin. Code §20-489(a). Movant also asserts that the plaintiff is not licensed as a debt collection agency in the City of New York.
  Plaintiff's complaint asserts that the plaintiff, MRC Receivables Corp., is a foreign corporation. Plaintiff described this matter as follows: "Plaintiff may be a debt buyer, but has not engaged in collecting the debt from defendant in any way, shape or matter." Plaintiff also asserts as follows:

    Plaintiff did not enter into the credit card agreement with
    defendant. Plaintiff did not seek out defendant and solicit business
    from defendant, and did not "do business" in the State of New
    York for that purpose. Rather, plaintiff is an assignee of the
    original creditor.

  Plaintiff also submits a correspondence from the New York City Department of Consumer Affairs, General Counsel, Maria Tepper, addressed to the law firm of Malen & Associates P.C. dated March 7, 2007 which states the following:

    A debt buyer that merely purchases or acquires defaulted debt but
    does not engage in collection activities itself does not require a
    license from the Department.
  The Code narrowly exempts from the definition of "debt collection

agency" "any attorney-at-law" collecting a debt as an attorney on behalf of and in the name of a client" New York City Administrative Code §20-489(a)(5)(emphasis added). Thus, the Code's exemption applies to those attorneys whose practice is limited to legal activities such as the filing and prosecution of lawsuits to reduce debts to judgments.

Movant asserts that the plaintiff is an unlicensed debt collection agency that is required to be licensed under New York Administrative Code §20-489. The defendant also asserts that the letter from The New York City Department of Consumer Affairs, General Counsel, Maria Tepper, is "a non-binding informal opinion letter."

There was no showing by the defendant that the plaintiff, MRC Receivables Corp., engaged in collection activities sufficient to require plaintiff to obtain a license from the New York City Department of Consumer Affairs. The defendant's argument that the letter from the New York City Department of Consumer Affairs, General Counsel, is "informal and not binding" is not persuasive. For the foregoing reasons, the motion by the defendant to dismiss the plaintiff's complaint is denied.

Issues as to serve and registration status of plaintiff have been withdrawn and need not be addressed on this motion.

Defendant shall serve and file an answer to the complaint herein within twenty (20) days of the date hereof.

This is the decision and order of the Court.

Dated: 5/7/07
Bronx, New York

Hon. Mitchell Danziger

HON. MITCHELL D. _____